JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA HERNANDEZ, individually and as Guardian ad Litem for Decedent, CARLOS AGUILAR CALDERON, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SANTA CLARA, a municipal corporation; Officer TAMBINI, individually and in his capacity as Sheriff's Deputy for the COUNTY OF SANTA CLARA; Officer TSE, individually and in his capacity as Sheriff's Deputy for the COUNTY OF SANTA CLARA and DOES 1-50, inclusive, individually, jointly and severally, <br><br> Defendants. | CASE NO.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C. Section 1983 and pendent tort claims) <br><br> JURY TRIAL DEMANDED |

## **INTRODUCTION**

1.      On December 2, 2018 Decedent, CARLOS AGUILAR CALDERON, died by suicide in his cell at the COUNTY OF SANTA CLARA jail. Defendants failed to supervise and/or treat him according to the law and the appropriate protocols after having knowledge that Decedent intended killing himself.

2.      This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent CARLOS AGUILAR CALDERON, who died as a result of the unlawful conduct by COUNTY OF SANTA CLARA'S Sheriff's Department.

3.      This action seeks to recover damages for the violation of rights of Decedent's mother and Guardian ad Litem, MANUELA HERNANDEZ.

## JURISDICTION

4.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the COUNTY OF SANTA CLARA, California, which is within the judicial district of this Court.

5.      The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

7.      Decedent CARLOS AGUILAR CALDERON (hereinafter "AGUILAR"), was an individual residing in the State of California. AGUILAR was unmarried at the time of his death and died intestate.

8.      PLAINTIFF, MANUELA HERNANDEZ (hereinafter "HERNANDEZ" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen. HERNANDEZ was married to AGUILAR. HERNANDEZ is the guardian ad litem for Decedent, AGUILAR.

9.      Defendant COUNTY OF SANTA CLARA (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SANTA CLARA County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants.

10.      Defendant Officer TAMBINI (hereinafter "TAMBINI") is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise AGUILAR and other inmates and/or pretrial detainees in his housing unit at the COUNTY OF SANTA CLARA jail, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

11.      Defendant Officer TSE (hereinafter "TSE") is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise AGUILAR and other inmates and/or pretrial detainees in his housing unit at the COUNTY OF SANTA CLARA jail, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

12.      PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will

amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

13.     PLAINTIFF is required to comply with an administrative tort claim requirement under California law. PLAINTIFF filed an administrative claim with the COUNTY OF SANTA CLARA on May 24, 2019. On July 8, 2019, the COUNTY OF SANTA CLARA returned PLAINTIFF's claim without action. PLAINTIFF has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

14.     The incident took place on December 2, 2018 at approximately 8:00 p.m. The location was the Elmwood Correctional Facility, 701 S. Able Street, Milpitas, CA 95035. CARLOS AGUILAR CALDERON died by suicide while under the supervision of COUNTY OF SANTA CLARA Sheriff's Deputies, TAMBINI and TSE.

15.     On July 25, 2019, COUNTY correctional officers booked AGUIILAR into the facility as a pre-trial detainee. AGUILAR had suicidal ideations. However, COUNTY intake officers failed to properly classify AGUILAR as a suicide risk. On December 2, 2018, COUNTY staff assigned Officer TSE and Officer TAMBINI to supervise AGUILAR'S unit. Officer TSE was on overtime. TSE was also responsible for training Deputy TAMBINI. Neither officer was familiar with AGUILAR. On December 2, 2019, AGUILAR showed signs of suicidality. At about 6:30 p.m. officer TAMBINI performed a welfare check on AGUILAR. However, TAMBINI failed to notice signs pointing to AGUILAR'S suicidal intent. At approximately 7:15 p.m. TSE and TAMBINI allowed inmates free time outside of their cells. However, AGUILAR refused to exit his cell. Instead, AGUILAR sat anxiously on his bunk. Then, at approximately 8:00 p.m. Deputy TAMBINI

performed another welfare check on AGUILAR. TAMBINI found AGUILAR hanging by a towel from the top bunk in his cell.

16.     As a result AGUILAR died by suicide. AGUILAR leaves behind his wife, MANUELA HERNANDEZ, and two children.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourteenth Amendment of the United States Constitution)**
**(Deliberate Indifference, 42 U.S.C. § 1983)**
**(Against Defendants COUNTY, TAMBINI, TSE, and DOES 1-50)**

17.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 16 of this Complaint.

18.     As set forth above, PLAINTIFF was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the COUNTY OF SANTA CLARA, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of AGUILAR.

19.     AGUILAR was a pretrial detainee who had not been convicted of any crime. AGUILAR had a due process right to be free from the acts of entity Defendants that would cause him serious injury. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), generally established that prison officials have a duty to protect prisoners. This is so, because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." City of *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

20.     Defendants TAMBINI, TSE and other COUNTY officers knew or should have known that AGUILAR intended on harming himself. On July 25, 2018, COUNTY deputies should have classified AGUILAR as a high suicide risk and enacted suicide protocol. Instead, deputies placed AGUILAR in general population housing. Then, on December 2, 2019, AGUILAR showed signs of

suicidality. Specifically, he anxiously sat on his bunk and did not participate in free time. However, Deputy TAMBINI failed to notice or investigate the signs. Instead, Defendants, including Deputy TAMBINI and Deputy TSE, were deliberately indifferent to the heightened needs of AGUILAR.

21.    AGUILAR died by suicide as a result of Defendants' collective deliberate indifference to properly evaluating and monitoring him.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Wrongful Death)
### (Against Defendants COUNTY, TAMBINI, TSE, and DOES 1-50)

25.    PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26.    As set forth above, PLAINTIFF was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of SANTA CLARA, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States. By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of AGUILAR, including those provided in the Fourteenth Amendment to the U.S. Constitution, and of each PLAINTIFF, as well as those which are protected under the Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

27.    Defendant's, including TAMBINI and TSE, knew of, or should have known of, Decedent's needs. However, TAMBINI and TSE failed to provide medical or mental health intervention and care for him. COUNTY staff members had enough information to infer the risk of harm to Decedent yet acted with deliberate indifference in their disregard for properly monitoring him. COUNTY deputies and DOES 1-50 failed to properly classify AGUILAR as a high suicide risk.

28.     As a result of DEFENDANTS' deliberate indifference, AGUILAR was deprived of the necessary and indicated medical intervention, care and treatment, including but not limited to: proper housing in a safety cell; proper monitoring; administration of psychotropic medications, transfer to a mental health facility, or referral to a psychologist. Without proper treatment or follow-up care, his mental state deteriorated, causing him to continue to suffer pain and mental anguish in violation of his Fourteenth Amendment rights, resulting in his wrongful death by suicide.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Survival Action: Violation of Decedent's Civil Rights)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

29.     PLAINTIFF hereby re-allege and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30.     The foregoing claim for relief arose in Decedent's favor, and AGUILAR would have been the PLAINTIFF with respect to this claim had he lived.

31.     Defendants acted under color of law when they failed to reasonably supervise Decedent AGUILAR, and were deliberately indifferent to AGUILAR'S medical and psychiatric care, thereby depriving him of certain constitutionally protected rights, including, but not limited to the right to due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution; said rights are substantive guarantees under the Fourteenth Amendments to the United States Constitution.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violations of PLAINTIFF's Civil Right to a Familial Relationship)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

32.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33.     COUNTY correctional officers' actions of not following COUNTY policy to visually monitor high suicide risk inmates, including that of Decedent, ultimately lead to AGUILAR'S death, causing PLAINTIFF to lose her right to a familial relationship with AGUILAR.

34.     As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in AGUILAR'S death, PLAINTIFF was deprived of her constitutional rights to a familial relationship, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. Section 1983)**
**(Against Defendants COUNTY and DOES 1-50)**

35.     PLAINTIFF hereby re-allege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36.     The aforementioned acts and/or omissions of COUNTY deputies in being deliberatively indifferent to AGUILAR'S safety and violating his civil rights were the direct and proximate result of customs, practices and policies, or failed training administration by COUNTY and DOES 1-50, as alleged herein.

37.     At all times herein mentioned, COUNTY and DOES 1-50 maintained a policy or de facto unconstitutional informal custom or practice of permitting, condoning, or improperly training jail personnel to delay in providing adequate mental health and medical assistance to detainees that are at high risk of suicide.

38.     PLAINTIFF alleges that Defendant COUNTY maintained a policy, custom or practice of failing to provide the jail with adequate personnel to supervise detainees. Further, Defendant COUNTY failed to train staff to properly classify, monitor and treat inmates that are at high risk of suicide in violation of Title 15 Minimum Standards for Local Detention Facilities.

39.     In fact, in March 2018, the COUNTY OF SANTA CLARA released *The Santa Clara County Jail System History and Status of the Sheriff's Reforms* report. The report outlines deficiencies pertaining to the COUNTY jail. Deficiencies include but are not limited to: no safety cells within the jail; no procedures to screen for mental health issues, or suicidal ideations; deputies failing to classify, or wrongly classifying inmates during the intake process.

40.     Additionally, COUNTY officials failed to properly staff AGUILAR'S unit. In fact, COUNTY Deputy TSE was on overtime at the time of AGUILAR'S suicide. TAMBINI was new and unfamiliar with jail procedure. Both TAMBINI and TSE were unfamiliar with the unit they were assigned to supervise. This left AGUILAR exposed to a lack of supervision, which along with misclassification, caused him to die by suicide. These deficiencies caused the rate of attempted suicides at COUNTY'S jail to triple in 2017. No less than 61 inmates attempted suicide in COUNTY'S jails in 2017 alone.

41.     These deficiencies posed a substantial risk of serious harm to AGUILAR. Defendant COUNTY knew its policy posed this risk. However, the COUNTY failed to timely update their facilities or properly implement the above-reference procedures that may have prevented AGUILAR'S suicide.

42.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking SANTA CLARA Sheriff's Department Supervisors,

Defendants DOES 26-50, and each of them, resulted in the deprivation of PLAINTIFF's constitutional rights.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Negligence)**
**(Against Defendants COUNTY, TAMBINI, TSE, and DOES 1-50)**

43.    PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44.    The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

45.    COUNTY deputies, including TAMBINI and TSE, had a duty to provide appropriate care to AGUILAR, who was a pretrial detainee protected by the 14th amendment. Defendant deputies had a duty to properly classify and monitor AGUILAR as a suicide risk. TAMBINI and TSE had a duty to sufficiently supervise AGUILAR. TAMBINI and TSE also had a duty to notice signs that AGUILAR intended committing suicide. Defendants should have addressed AGUILAR'S suicidality and summoned medical care for AGUILAR, including referring him to a psychologist, or transferring him to a mental health facility.

46.    Defendants breached their duty to AGUILAR. COUNTY deputies breached their duty to AGUILAR when they failed to classify him as a high suicide risk. Further, TAMBINI and TSE failed to notice signs that AGUILAR intended committing suicide. TAMBINI and TSE also failed to properly monitor AGUILAR.

47.     AGUILAR died as a direct and proximate result of Defendants' failure to properly classify, monitor, and treat him.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### (Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)

48.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 47 of this Complaint.

49.     COUNTY knew or had reason to know that AGUILAR was in need of immediate and higher-level medical care, treatment, observation and monitoring. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide PLAINTIFF access to such care and treatment in violation of California Government Code § 845.6.

50.     COUNTY deputies failed to properly classify and monitor AGUILAR as a suicide risk. Further, Defendants, TAMBINI and TSE, failed to refer AGUILAR to a psychologist, or transfer him to a mental health facility, or even refer him to mental health services within the jail.

51.     As legal cause of the aforementioned acts of all Defendants, AGUILAR was injured as set forth above. PLAINTIFF's losses entitle her to all damages allowable under California law. As such, PLAINTIFF is entitled to damages, penalties, costs, and attorney fees under California law.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### (Wrongful Death- Negligence)
### (Against Defendants COUNTY, TAMBINI, TSE, and DOES 1-50)

52.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint.

53.     Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of AGUILAR.

54.     COUNTY owed AGUILAR, who was a pretrial detainee at COUNTY'S jail, a duty of care under the fourteenth amendment. Sheriff's Deputies placed AGUILAR in a cell under circumstances conducive to his committing suicide by hanging.  Deputies placed AGUILAR in a cell in a manner indicating deliberate indifference to Aguilar's psychological evaluation or psychiatric care.

55.     As an actual and proximate result of said Defendants' negligence, and the death of AGUILAR, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her husband, AGUILAR, in an amount according to proof at trial.

56.     As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

57.     Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claims damages from said Defendants for the wrongful death of AGUILAR, and the resulting injuries and damages.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

58.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59.     Defendants had or should have had notice that AGUILAR was a high suicide risk. Particularly, COUNTY deputies and DOES 1-50 should have done an initial intake with AGUILAR. During which time, COUNTY deputies should have classified AGUILAR as a high suicide risk. TAMBINI and TSE also should have noticed signs that AGUILAR intended committing suicide. Defendants should have known that withholding proper medical treatment would cause AGUILAR to suffer from emotional distress.

60.     Defendants' above-described actions constituted extreme and outrageous conduct. Their actions prevented AGUILAR from receiving proper medical attention. Upon AGUILAR'S entry into Santa Clara jail, the COUNTY was on notice that AGUILAR was a high suicide risk. Despite knowing that AGUILAR was a high suicide risk, COUNTY staff deliberately ignored the risk to AGUILAR when they failed to properly classify and treat him. COUNTY officer's placed AGUILAR in a cell without proper evaluation and ongoing care which constituted extreme outrageous conduct.  As result of the AGUILAR did not receive proper medical treatment, causing him to suffer extreme emotional distress. Consequently, AGUILAR took his own life.

61.     By engaging in the above-described conduct, each individual defendant intentionally ignored or recklessly disregarded the foreseeable risk that their actions would cause PLAINTIFF to suffer emotional distress from the loss of familial relationship with AGUILAR.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1.     For general damages in a sum according to proof;

2.      For special damages in a sum according to proof;

3.      For punitive damages in a sum according to proof;

4.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.      For injunctive relief as the court deems appropriate including that the policies of

Defendant County for policy or policies relevant to authorizing, allowing, or ratifying

the practice by its jail personnel of being deliberately indifferent to

mental/psychiatric/medical health needs of the inmates;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as the Court deems just and proper.

Dated: December 2, 2019                         **LAW OFFICES OF JOHN L. BURRIS**

                                                /s/ *John L. Burris*
                                                John L. Burris, Esq.
                                                Ben Nisenbaum, Esq.
                                                James Cook, Esq.
                                                Attorneys for Plaintiff
                                                MANUELA HERNANDEZ, individually
                                                and as Guardian ad Litem for Decedent
                                                CARLOS AGUILAR CALDERON