1  JOHN L. BURRIS ESQ., SBN 69888
2  BENJAMIN NISENBAUM, ESQ., SBN 222173
   ALEJANDRA RAMIREZ, ESQ., SBN 329401
3  **LAW OFFICES OF JOHN L. BURRIS**
   Airport Corporate Centre
4  7677 Oakport Street, Suite 1120
5  Oakland, California 94621
   Telephone: (510) 839-5200
6  Facsimile: (510) 839-3882
7  john.burris@johnburrislaw.com
   bnisenbaum@gmail.com
8  alejandra.ramirez@johnburrislaw.com

9  Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUELA HERNANDEZ, individually and as successor-in-interest to Decedent CARLOS AGUILAR; minor C.A. by and through its Guardian Ad Litem Manuela Hernandez; minor A.A. by and through its Guardian Ad Litem Manuela Hernandez, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SANTA CLARA, a municipal corporation; LAURIE SMITH in her official capacity as Sheriff for the County of Santa Clara; Deputy "FNU" TAMBINI, individually and in his official capacity as Sheriff's Deputy for the County of Santa Clara; Deputy ALAN TSE, individually and in his official capacity as Sheriff's Deputy for the County of Santa Clara and DOES 1-50, inclusive, individually, jointly and severally, <br><br> Defendants. | CASE NO.: 3:19-cv-07888-EJD <br><br> <u>FIRST AMENDED COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C. Section 1983 and pendent tort claims) <br><br> JURY TRIAL DEMANDED |

Manuela Hernandez et al. v County of Santa Clara et al.
 First Amended Complaint 3:19-cv-07888

- 1

**INTRODUCTION**

1. On December 2, 2018 Decedent, CARLOS AGUILAR CALDERON, died by suicide in his cell at the COUNTY OF SANTA CLARA jail. Defendants failed to supervise and/or treat him according to the law and the appropriate protocols after having knowledge that Decedent intended killing himself.

2. This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent CARLOS AGUILAR CALDERON, who died as a result of the unlawful conduct by COUNTY OF SANTA CLARA'S Sheriff's Department.

3. This action seeks to recover damages for the violation of rights of Decedent's mother, MANUELA HERNANDEZ and two minor children, C.A. and A.A. by and through their Guardian Ad Litem, Manuela Hernandez.

**JURISDICTION**

4. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the COUNTY OF SANTA CLARA, California, which is within the judicial district of this Court.

5. The Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 2 -

## PARTIES

7. Decedent CARLOS AGUILAR CALDERON (hereinafter "AGUILAR"), was an individual residing in the State of California. AGUILAR was unmarried at the time of his death and died intestate.

8. PLAINTIFF, MANUELA HERNANDEZ (hereinafter "HERNANDEZ" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen. HERNANDEZ is the mother of AGUILAR.

9. Minor PLAINTIFF, C.A. (hereinafter "C.A." or "PLAINTIFF") has been and is a resident of California and is a United States citizen, is the minor child of Decedent and is being represented by and through its Guardian Ad Litem Manuela Hernandez.

10. Minor PLAINTIFF, A.A. (hereinafter "A.A." or "PLAINTIFF") has been and is a resident of California and is a United States citizen, is the minor child of Decedent and is being represented by and through its Guardian Ad Litem Manuela Hernandez.

11. Defendant COUNTY OF SANTA CLARA (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SANTA CLARA County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOE Defendants.

12. Defendant Sherriff LAURIE SMITH (hereinafter "SMITH") is and was at all times mentioned herein employed by Defendant COUNTY as Sherriff for the County of Santa Clara and is sued in her official capacity. At the time, she was a final decision makes for the sheriff department as

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 3 -

she could make the final decisions about discipline, training, supervision and development of constitutional policing.

13. Defendant Sheriff Deputy First Name Unknown "FNU" TAMBINI (hereinafter "TAMBINI") is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise AGUILAR and other inmates and/or pretrial detainees in his housing unit at the COUNTY OF SANTA CLARA, Elmwood Facility, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

14. Defendant Sheriff Deputy ALAN TSE (hereinafter "TSE") is and was at all times mentioned herein employed by Defendant COUNTY as a deputy sheriff, assigned to supervise AGUILAR and other inmates and/or pretrial detainees in his housing unit at the COUNTY OF SANTA CLARA, Elmwood Facility, and was acting in the course and scope of his employment as a deputy sheriff. He is being sued individually and in his official capacity as a deputy sheriff for the COUNTY.

15. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon allege that each defendant so named were employees of the COUNTY OF SANTA CLARA Sherriff's Department and is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 4 -

## ADMINISTRATIVE PREREQUISITES

16. PLAINTIFF is required to comply with an administrative tort claim requirement under California law. PLAINTIFF filed an administrative claim with the COUNTY OF SANTA CLARA on May 24, 2019. On July 8, 2019, the COUNTY OF SANTA CLARA returned PLAINTIFF's claim without action. PLAINTIFF has exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

17. The incident took place on December 2, 2018 at approximately 8:00 p.m. at the Elmwood Correctional Facility located at 701 S. Able Street, Milpitas, CA, 95035. CARLOS AGUILAR CALDERON died by suicide while under the supervision of COUNTY OF SANTA CLARA Sheriff's Deputies, TAMBINI and TSE and DOES 1-50.

18. On July 25, 2019, COUNTY correctional officers booked AGUILAR into the facility as a pre-trial detainee. AGUILAR had suicidal ideations. However, COUNTY intake officers failed to properly classify AGUILAR as a suicide risk. AGUILAR was due for release on January 22, 2019.

19. On December 2, 2018, COUNTY staff assigned Officer TSE and Officer TAMBINI were assigned to supervise AGUILAR's unit. Officer TSE was on overtime.

20. TSE was also responsible for training Deputy TAMBINI. Neither officer was familiar with AGUILAR. On December 2, 2019, AGUILAR showed signs of suicidality. At about 6:30 p.m. officer TAMBINI allegedly performed a welfare check on AGUILAR. However, TAMBINI failed to notice signs pointing to AGUILAR'S suicidal intent.

21. At approximately 7:15 p.m. TSE and TAMBINI allowed inmates free time outside of their cells. However, AGUILAR refused to exit his cell. Instead, AGUILAR sat anxiously on his

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 5 -

bunk. Then, at approximately 8:00 p.m. Deputy TAMBINI allegedly performed another welfare check on AGUILAR. TAMBINI found AGUILAR hanging by a towel from the top bunk in his cell.

22. As a result AGUILAR died by suicide. AGUILAR leaves behind his mother, MANUELA HERNANDEZ, and two minor children, C.A. and A.A.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourteenth Amendment of the United States Constitution)**
**(Deliberate Indifference, 42 U.S.C. § 1983)**
**(Against All Defendants)**

23. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. As set forth above, PLAINTIFF was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the COUNTY OF SANTA CLARA, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFFS by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of AGUILAR.

25. AGUILAR had a due process right to be free from the acts of entity Defendants that would cause him serious injury. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), generally established that prison officials have a duty to protect prisoners. This is so, because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." City of *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983).

26. Defendants TAMBINI, TSE and other COUNTY officers knew or should have known that AGUILAR was at high risk and/or intended on harming himself. On July 25, 2018, COUNTY deputies should have classified AGUILAR as a high suicide risk and enacted suicide protocol. Instead, deputies placed AGUILAR in general population housing. On December 2, 2019, AGUILAR showed signs of suicidality. Specifically, he anxiously sat on his bunk and did not

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 6 -

participate in free time. However, Deputy TAMBINI failed to notice or investigate the signs. Instead, Defendants, including Deputy TAMBINI and Deputy TSE, were deliberately indifferent to the heightened needs of AGUILAR.

27. AGUILAR died by suicide as a result of Defendants' collective deliberate indifference to properly evaluating and monitoring him.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Wrongful Death)**
**(Against All Defendants and DOES 1-50)**

25. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26. As set forth above, PLAINTIFF was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the County of SANTA CLARA, which rights include, but are not limited to, privileges and immunities secured to PLAINTIFF by the Constitution and laws of the United States. By reason of the aforementioned acts, these Defendants, have violated the constitutional rights and liberty interests of AGUILAR, including those provided in the Fourteenth Amendment to the U.S. Constitution, and of each PLAINTIFF, as well as those which are protected under the Fourteenth Amendment's prohibition against depriving a person of a right to familial relationships without due process of law.

27. Defendant's, including TAMBINI and TSE, knew of, or should have known of, Decedent's needs. However, unidentified Defendant DOES, TAMBINI and TSE failed to provide medical or mental health intervention and care for him. COUNTY staff members had enough information to infer the risk of harm to Decedent yet acted with deliberate indifference in their

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 7 -

disregard for properly monitoring him. COUNTY deputies and DOES 1-50 failed to properly classify AGUILAR as a suicide risk.

28. As a result of DEFENDANTS' deliberate indifference, AGUILAR was deprived of the necessary and indicated medical intervention, care and treatment, including but not limited to: proper housing in a safety cell; proper monitoring; administration of psychotropic medications, transfer to a mental health facility, or referral to a psychologist. Without proper treatment or follow-up care, his mental state deteriorated, causing him to continue to suffer pain and mental anguish in violation of his Fourteenth Amendment rights, resulting in his wrongful death by suicide.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(42 U.S.C. Section 1983)**
**(Survival Action: Violation of Decedent's Civil Rights)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

29. PLAINTIFF hereby re-allege and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. The foregoing claim for relief arose in Decedent's favor, and AGUILAR would have been the PLAINTIFF with respect to this claim had he lived.

31. Defendants acted under color of law when they failed to reasonably supervise Decedent AGUILAR, and were deliberately indifferent to AGUILAR's medical and psychiatric care, thereby depriving him of certain constitutionally protected rights, including, but not limited to the right to due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution; said rights are substantive guarantees under the Fourteenth Amendments to the United States Constitution.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 8 -

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(Violations of PLAINTIFF's Civil Right to a Familial Relationship)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

32. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. COUNTY correctional officers' actions of not following COUNTY policy to visually monitor high suicide risk inmates, including that of Decedent, ultimately lead to AGUILAR's death, causing PLAINTIFFS to lose their right to a familial relationship with AGUILAR.

34. As a legal cause of Defendants' acting under color of law, acts and/or inactions, and whose deliberate indifference caused injuries which resulted in AGUILAR'S death, PLAINTIFFS were deprived of their constitutional rights to a familial relationship, all in violation of rights, privileges, and immunities secured by the Fourteenth Amendments to the United States Constitution.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Negligence)**
**(Against All Defendants and DOES 1-50)**

35. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants are liable for injuries caused by their acts or omissions to the same extent as a private person.

37. COUNTY deputies, including TAMBINI and TSE, had a duty to provide appropriate care to AGUILAR, and a duty to properly classify and monitor AGUILAR as a suicide risk. TAMBINI and TSE had a duty to sufficiently supervise AGUILAR. TAMBINI and TSE also had a

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 9 -

duty to notice signs that AGUILAR intended committing suicide. Defendants should have addressed AGUILAR'S suicidality and summoned medical care for AGUILAR, including referring him to a psychologist, or transferring him to a mental health facility.

38. Defendants breached their duty to AGUILAR. COUNTY deputies breached their duty to AGUILAR when they failed to classify him as a high suicide risk. Further, TAMBINI and TSE failed to notice signs that AGUILAR intended committing suicide. TAMBINI and TSE also failed to properly monitor AGUILAR.

39. Defendant SMITH breached her duty to AGUILAR under a theory of respondeat superior by failing to properly supervise and train Defendant Deputy TSE, Deputy TAMBINI and DOES 1-50, under her direct control and monitoring.

40. AGUILAR died as a direct and proximate result of Defendants' failure to properly classify, monitor, and treat him.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
**(Violation of California Government Code § 845.6)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

41. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42. COUNTY knew or had reason to know that AGUILAR was in need of immediate and higher-level medical care, treatment, observation and monitoring. Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide PLAINTIFF access to such care and treatment in violation of California Government Code § 845.6.

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 10 -

43. COUNTY deputies failed to properly classify and monitor AGUILAR as a suicide risk, which AGUILAR needed. Further, Defendants, TAMBINI and TSE, failed to refer AGUILAR to a psychologist, or transfer him to a mental health facility, or even refer him to mental health services within the jail.

44. As legal cause of the aforementioned acts of all Defendants, AGUILAR was injured as set forth above. PLAINTIFF's losses entitle her to all damages allowable under California law. As such, PLAINTIFF is entitled to damages, penalties, costs, and attorney fees under California law.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(C.C.P. Section 377.60 and 377.61)**
**(Wrongful Death- Negligence)**
**(Against Defendants COUNTY, TAMBINI, TSE, and DOES 1-50)**

45. PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 44 of this Complaint.

46. Defendants' negligent actions and/or negligent failure to act within the scope and course of their employment with Defendants, as set forth herein-above proximately caused the death of AGUILAR.

47. COUNTY owed AGUILAR, who was a pretrial detainee at COUNTY'S jail, a duty of care under the fourteenth amendment. Sheriff's Deputies placed AGUILAR in a cell under circumstances conducive to his committing suicide by hanging. Deputies placed AGUILAR in a cell in a manner indicating deliberate indifference to Aguilar's psychological evaluation or psychiatric care.

48. As an actual and proximate result of said Defendants' negligence, and the death of AGUILAR, PLAINTIFF has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her husband, AGUILAR, in an amount according to proof at trial.

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 11 -

49.     As a further actual and proximate result of said Defendants' negligence, PLAINTIFF has incurred expenses, in an amount according to proof at trial.

50.     Pursuant to California C.C.P. Sections 377.60 and 377.61, PLAINTIFF brought this action, and claims damages from said Defendants for the wrongful death of AGUILAR, and the resulting injuries and damages.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

**EIGHT CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
**(Against Defendants COUNTY, TAMBINI, TSE and DOES 1-50)**

51.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 50 of this Complaint.

52.     Defendants had or should have had notice that AGUILAR was a high suicide risk. Particularly, COUNTY deputies and DOES 1-50 should have done an initial intake with AGUILAR. During which time, COUNTY deputies should have classified AGUILAR as a high suicide risk. TAMBINI and TSE also should have noticed signs that AGUILAR intended committing suicide. Defendants should have known that withholding proper medical treatment would cause AGUILAR to suffer from emotional distress.

53.     Defendants' above-described actions constituted extreme and outrageous conduct. Their actions prevented AGUILAR from receiving proper medical attention. Upon AGUILAR'S entry into Santa Clara Jail, Elmwood Facility, the COUNTY was on notice that AGUILAR was a high suicide risk. Despite knowing that AGUILAR was a high suicide risk, COUNTY staff deliberately ignored the risk to AGUILAR when they failed to properly classify and treat him. COUNTY officers placed AGUILAR in a cell without proper evaluation and ongoing care which constituted extreme outrageous conduct.  As result of the AGUILAR did not receive proper medical

Manuela Hernandez et al. v County of Santa Clara et al.
 First Amended Complaint 3:19-cv-07888

treatment, causing him to suffer extreme emotional distress. Consequently, AGUILAR took his own life.

54. By engaging in the above-described conduct, each individual defendant intentionally ignored or recklessly disregarded the foreseeable risk that their actions would cause PLAINTIFF to suffer emotional distress from the loss of familial relationship with AGUILAR.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For injunctive relief as the court deems appropriate including that the policies of Defendant County for policy or policies relevant to authorizing, allowing, or ratifying the practice by its jail personnel of being deliberately indifferent to mental/psychiatric/medical health needs of the inmates;

6. For cost of suit herein incurred; and

Manuela Hernandez et al. v County of Santa Clara et al.
 First Amended Complaint 3:19-cv-07888

7. For such other and further relief as the Court deems just and proper.

Dated: February 12, 2020	**LAW OFFICES OF JOHN L. BURRIS**

/s/ *Benjamin Nisenbaum*
   Benjamin Nisenbaum
   Alejandra Ramirez
   Attorneys for Plaintiff

Manuela Hernandez et al. v County of Santa Clara et al.
First Amended Complaint 3:19-cv-07888

- 14 -